# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Wells Fargo & Company; and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Brian Foxworth

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/03/2019** at 01:52:54 PM

Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): SAN DIEGO SUPERIOR COURT | (Número del Caso): 37-2019-00017612-CU-CR-CTL |
| 330 WEST BROADWAY, SAN DIEGO, CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott Fikes, Esq. 8880 Rio San Diego Drive, Ste. 800, San Diego, CA 92108; (619) 568-3189

| DATE: 04/04/2019 | Clerk, by | M McClure | , Deputy |
|---|---|---|---|
| (Fecha) | (Secretario) | M. McClure | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wells Fargo + Company

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Scott Fikes, Esq. (267622)
THE LAW OFFICE OF SCOTT FIKES
8880 Rio San Diego Drive, Suite 800
San Diego, CA 92108
Telephone: (619) 568-3189
Facsimile: (619) 342-4045

Attorney for Plaintiff,
BRIAN FOXWORTH

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/03/2019** at 01:52:54 PM

Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| BRIAN FOXWORTH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, and<br>DOES 1 through 50.<br><br>Defendants(s). | Case No.:  37-2019-00017612-CU-CR-CTL<br><br>**COMPLAINT FOR DAMAGES**<br><br>01. Unruh Civil Rights Act<br><br>02. Intentional Infliction of Emotional<br>Distress<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff BRIAN FOXWORTH and complains as follows:

### PARTIES

1.      Plaintiff BRIAN FOXWORTH, (hereinafter "Plaintiff" "Plaintiffs" and/or ("Foxworth") is an African-American individual and part of the protected class of persons identified in California Civil Code Section 51.1(b), known as the Unruh Civil Rights Act, and at all times herein was a resident of the County San Diego.

2.      At all relevant times, Defendant WELLS FARGO & COMPANY is a Delaware Corporation and an American multinational financial services company headquartered in San Francisco, California, and currently engaged in and authorized to do business in the State of California providing retail banking services to its customers and the public at hundreds of locations throughout the state. WELLS FARGO & COMPANY is a covered entity under the

Unruh Civil Rights act and prohibited from discriminating against members of the pubic.like Plaintiff in the accommodations, advantages, facilities, privileges, or services they offer on account of an individual's race.

3.    DOES 1 through 50 were individuals or business entities who in some way are also responsible for the unlawful conduct and harm as alleged herein.

4.    PLAINTIFF is ignorant of the true names and capacities of those Defendants sued herein as DOES I through 50, and for that reason has sued such Defendants by fictitious names. Plaintiff will seek leave of the Court to amend this Complaint to identify said Defendants when their identities are ascertained.

5.    Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a Doe is responsible in some manner for the events and happenings referred to herein and any reference to "Defendant" and/or "Defendants" shall mean "Defendants and each of them."

6.    All references to "Defendant" and/or "Defendants" are in reference to Defendants WELLS FARGO & COMPANY; and DOES 1 through 50, collectively.

7.    Unless otherwise alleged in this complaint, Plaintiffs are informed and believe and, on that basis, allege, that at all times material, each Defendant was the managing agent, agent, employee, and/or joint-venturer of its co-defendants, and in doing the things alleged in this complaint was acting within the course and scope of that agency and employment, and/or legal relationship.

### JURISDICTION & VENUE

8.    The acts alleged in this complaint all occurred in the County of San Diego.

9.    Plaintiffs are informed and believe and thereon allege that the amount in controversy herein exceeds $25,000.00.

10.    Venue in the above entitled Court is proper under Ca. Code of Civil Pro. § 395(a).

### FACTUAL ALLEGATIONS

11.    Plaintiff owned an automobile and sold it to Carvana, a used car dealer, for approximately $24,000.00. Plaintiff received payment for his automobile via check drafted on an

account maintained at WELLS FARGO & COMPANY bank and located in National City at 1199 Highland Ave, National City, CA 91950 ("National City Branch").

12.    On Friday, March 29, 2019, Plaintiff entered the Wells Fargo & Company National City Branch during published operating hours to negotiate the check. Plaintiff approached the cashier's window and presented the Carvana Check to the teller.

13.    Unprompted, the teller indicated that they were unable to cash the check, indicating that "we don't have that kind of money."

14.    Plaintiff informed the teller that he didn't want to cash the entire check but instead wanted two cashier's checks for approximately $8,000.00 apiece and the balance in cash, or some similar combination of cashier's checks and cash. Plaintiff was willing to pay for the cashier's checks. The teller informed him that he was unable to accommodate Plaintiff's request.

15.    Plaintiff responded requesting to speak with the manager. The teller then left the window and disappeared out of sight. Approximately 2 or 3 minutes later the manager appeared, who was a woman with black curly hair, approximately in her late 30s/early 40s.

16.    The manager approached an empty teller window to speak with Plaintiff, so Plaintiff approached the window. The manager said "we can't cash this check. We don't have enough funds."

17.    Plaintiff again informed the manager that he didn't want to cash the entire check but instead wanted two cashier's checks for approximately $8,000.00 apiece and the balance in cash, or some similar combination of cashier's checks and some amount of cash.

18.    The manger responded, "we don't give cashier's checks to non-members."

19.    In response, Plaintiff requested to open up an account with WELLS FARGO & COMPANY. The manager then informed Plaintiff that, "even if you open up an account, we won't be able to give you cashier's checks."

20.    Plaintiff asked the manager to call around and determine whether another branch would accommodate his request to do business. The manager responded indicating that she was not going to call around to other branches to determine who has cash. Plaintiff then asked the manager to call the Wells Fargo & Company branch downtown and the manager walked away

1   from the teller window and appeared to make a phone call.

2   21.   The manager then returned to the teller window and said something to the effect

3   "they might have cash downtown." Plaintiff asked who he should speak with when he traveled to

4   the downtown branch and the manager responded indicating he should ask for "Ray."

5   22.   Plaintiff then exited the National City branch and drove downtown. Plaintiff

6   entered the downtown branch and approached the teller's window and presented the check to the

7   teller and informed the teller Plaintiff was informed to ask for Ray. Approximately 5 feet behind

8   the teller, a woman was sitting in ear shot and heard Plaintiff speaking with the teller. The

9   woman stood up and informed Plaintiff that she was Ray.

10   23.   Plaintiff informed Ray that the National City branch would not give him cashier's

11   checks and partial cash for a check drawn on an account maintained through their branch.

12   Plaintiff informed Ray that he wanted two cashier's checks for approximately $8,000.00 apiece

13   and the balance in cash, or some similar combination of cashier's checks and cash.

14   24.   Ray responded to Plaintiff indicating that the National City branch could have

15   accommodated his requests. Plaintiff asked Ray, "why didn't they help me [at the National City

16   Branch,]" and Ray just smiled.

17   25.   Plaintiff then proceeded to complete his transaction with the teller at the

18   Downtown branch. While the transaction was being processed, Plaintiff spoke with the teller and

19   said, "it's kind of sad that I have to go through this." The teller, an African-American man

20   responded by saying, "Yeah, I used to work there and that's why I'm here." Thereafter, the teller

21   completed Plaintiff's transaction of two cashier's checks for $8,000.0 apiece and approximately

22   $8,129.00 in cash.

### I.

### FIRST CAUSE OF ACTION

### (Violation of the Unruh Civil Rights Act Ca. Civ. Code § 51.5)

#### *By Plaintiff against all Defendants*

27   26.   Plaintiff hereby incorporates by reference all prior allegations paragraphs as

28   though fully set forth herein.

27.     No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state on account of the person's race. Ca. Civ. Code § 51.5(a).

28.     Defendants' substantial motivating reason for willfully and repeatedly discriminating against Plaintiff's by refusing Plaintiff's request to negotiate the check he presented to them was specifically because Plaintiff was an African-American male.

29.     Defendants' conduct was outrageous, despicable and malicious conduct carried on in conscious disregard of Plaintiff's rights.

30.     As a direct and proximate result of Defendants' conduct as herein alleged, Plaintiff was harmed and sustained special and general damages in an amount not yet ascertained but will be proven at time of trial.

31.     Defendants' conduct as alleged herein was the substantial cause of Plaintiff's harm.

## II.

### SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### *By Plaintiff against all Defendants*

32.     Plaintiff hereby incorporates by reference all prior allegations paragraphs as though fully set forth herein.

33.     Defendants' conduct in refusing to deal with Plaintiff, humiliating him in their place of business, and treating him differently based only on his race is outrageous conduct that no person should have to endure.

34.     Defendants' acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

35.     As a direct and proximate result of Defendants' conduct as herein alleged, Plaintiff suffered severe emotional distress; and

36.     Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

### ON THE FIRST CAUSE OF ACTION

1. For general and special damages according to proof at trial;
2. For any statutory penalties also according to proof at trial;
3. For cost of suit herein; and
4. For statutory attorney's fees.

### ON THE SECOND CAUSE OF ACTION

1. For general and special damages according to proof at trial;
2. For punitive damages according to proof at trial; and
3. For costs of suit incurred herein.

### ON ALL CAUSES OF ACTION

1. For payment of all interest provided by law.
2. For Attorney's fees under any applicable statute or contract.
3. For cost of suit under any and all applicable law and for such other relief as the court deems just and proper.

Date: April 3, 2019

Respectfully Submitted,

THE LAW OFFICE OF SCOTT FIKES

By: _____

SCOTT FIKES, ESQ.,
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff, BRIAN FOXWORTH, hereby respectfully demands a trial by jury on all issues triable by a jury in the above-entitled action.

Date: April 3, 2019

Respectfully Submitted,

THE LAW OFFICE OF SCOTT FIKES

By: _____

SCOTT FIKES, ESQ.,
Attorney for Plaintiff

**THE LAW OFFICE OF SCOTT FIKES**
8880 Rio San Diego Drive, Suite 800
San Diego, CA 92108
Tel: (619) 568-3189 · Fax: (619) 342-4045
E-mail Scott@Fikeslaw.com

April 4, 2019

**Via Personal Service**

Wells Fargo & Company
Via Registered Agent
CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505

Re:        DEMAND TO PRESERVE ELECTRONIC AND OTHER EVIDENCE

Wells Fargo & Company:

This letter is notice that my client Brian Foxworth has initiated a lawsuit against you for violations of his civil rights and intentional infliction of emotional distress. The suit and accompanying documents are being served on you concurrently with this letter. I hereby demand on behalf of my client hat you preserve any and all evidence that relates to the following:

**General Allegations**

Mr. Foxworth entered the National City Branch of Wells Fargo & Company located at 1199 Highland Ave, National City, CA 91950 on or about March 29, 2019 to negotiate a check drawn on an account maintained at your bank and that specific location. Mr. Foxworth was denied services you offer based on his race in violations of his civil rights. Mr. Foxworth left the National City branch and traveled to the downtown branch of Wells Fargo & Company located in San Diego at 401 B St Ste 101, San Diego, CA 92101.

**Time Plaintiffs Allegations Concern**

Plaintiffs allege that this conduct relates to your business establishment generally, and also specifically the business conducted at the National City branch and Downtown San Diego branch on or about March 21, 2018 through April 5, 2019.

**Preservation Demand**

All evidence, including video evidence, documentary evidence, and including any and all electronically stored information and evidence regarding your services offered and actually provided at the above locations at the above referenced times is relevant and shall be preserved.

**Types of Information that You Shall Preserve**

As used in this document, "you" and "your" refers to Wells Fargo & Company, including their/your predecessors, successors, parents, subsidiaries, divisions or affiliates, and their

Page 1 of 4

respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your computer system(s) and other media and devices to include: (1) video cameras; (2) audio recording devices; personal cell phones; (2) business cell phones; (3) voice-messaging systems; (3) e-mail systems/ providers, and (4) online data storage providers.

Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

• Digital communications (e.g., e-mail, voice mail, instant messaging);

• Word processed documents (e.g., Word or WordPerfect documents and drafts);

• Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);

• Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);

• Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);

• Sound Recordings (e.g., .WAV and .MP3 files);

• Video and Animation (e.g., .AVI and .MOV files);

• Databases (e.g., Access, Oracle, SQL Server data, SAP);

• Contact and Relationship Management Data (e.g., Outlook, ACT!);

• Calendar and Diary Application Data (e.g., Gmail, Outlook, Yahoo, Apple);

• Online Access Data (e.g., Temporary Internet Files, History, Cookies);

• Presentations (e.g., PowerPoint, Corel Presentations)

• Network Access and Server Activity Logs;

• Project Management Application Data;

• Computer Aided Design/Drawing Files; and,

• Back Up and Archival Files (e.g., Zip, GHO)

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

**Preservation Demand is Necessary**

The demand that you preserve both accessible and inaccessible ESI is reasonable and necessary. Plaintiffs are informed and believe that you have routinely used electronic devices to record, and store information about your business and your business dealings at the locations identified above.

**Your Failure to Preserve Could Have Significant Negative Consequence for You**

The intentional destruction of evidence is a misuse of the discovery process that is subject to a broad range of sanctions under C.C.P § 2023.030.

These sanctions may include significant monetary awards; a Court order preventing you from raising a defense regarding issues related to your failure to preserve evidence; a Court order preventing you from presenting certain evidence relating to information regarding your failure to preserve certain evidence; a Court order that Plaintiff is automatically entitled to a legal finding that you violated the law concerning any issue that relates to your failure to preserve certain evidence, among others.

Additionally, if the Court finds that your failure to preserve evidence amounts to spoliation, Plaintiffs may be entitled to an adverse inference jury instruction.

Jury Instruction CACI 204 is entitled "Willful Suppression of Evidence" and it states:

"You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party."

If it is determined that you failed to preserve evidence or worse – intentionally caused the destruction of evidence, Plaintiffs may have that instruction read to the jury. Plaintiffs' attorney may comment on that instruction and it may significantly impact the juror's perception of your defense and credibility at trial.

Accordingly, you should make all efforts to preserve all information, including electronic information that is relevant to this matter or may reasonably lead to the discovery of relevant information.

**Preservation Requires Your Immediate Intervention**

You must act immediately to preserve ALL potentially relevant evidence including potentially relevant ESI which includes, without limitation, information with the earlier of a Created or Last Modified date on or after January 1, 2008 through the date of this demand and concerning:

1. The events and causes of action described in Plaintiff's Complaint, including video of any interaction referenced in Plaintiff's complaint that is captured on video or audio recording;

2. ESI you may use to support claims or defenses in this case;

3. All communications and documents, including e-mails and text messages that concern, pertain to, or relate to Plaintiff's Complaint.

4. All communications and documents, including e-mails and text messages that concern, pertain to, or relate to Plaintiff's Complaint.

### Efforts Required

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence.

You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI. Be advised that sources of ESI are altered and erased by continued use of your computers and other devices.

Booting a drive, examining its contents or running any application will irretrievably alter the evidence it contains and may constitute unlawful spoliation of evidence. Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI.

Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve document, tangible things and other potentially relevant evidence.

### Suspension of Routine Destruction

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

• Purging the contents of e-mail repositories by age, capacity or other criteria;

• Using data or media wiping, disposal, erasure or encryption utilities or devices;

### You Should Provide this Letter to All Persons that May Have Information

You should provide this letter to any person and/or entity that you believe may be in possession of responsive information.

### Contact My Office Regarding any Questions About this Request

Please contact my office in writing regarding any questions about this request.

Very truly yours,

THE LAW OFFICE OF SCOTT FIKES

*S.F.*

SCOTT FIKES, ESQ.

Enclosures: (1) Summons; (2) Complaint; (3) ADR Package; (4) Notice of Case Assignment

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
SCOTT FIKES, (267622)
8880 RIO SAN DIEGO DRIVE, STE. 800
SAN DIEGO, CA 92108

TELEPHONE NO.: (619) 568-3189   FAX NO.: (619) 342-4045
ATTORNEY FOR *(Name):* PLAINTIFFS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY
MAILING ADDRESS: 330 WEST BROADWAY
CITY AND ZIP CODE: SAN DIEGO, 92101
BRANCH NAME: CENTRAL DIVISION - HALL OF JUSTICE

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/03/2019** at 01:52:54 PM

Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

CASE NAME:
Foxworth v. Wells Fargo & Company

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 37-2019-00017512-CU-CR-CTL |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joel R. Wohlfeil<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/03/2019

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

PLAINTIFF(S) / PETITIONER(S):  Brian Foxworth

DEFENDANT(S) / RESPONDENT(S):  Wells Fargo & Company

FOXWORTH VS WELLS FARGO & COMPANY [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2019-00017512-CU-CR-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Joel R. Wohlfeil                                          Department: C-73

### COMPLAINT/PETITION FILED: 04/03/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/06/2019 | 01:30 pm | C-73 | Joel R. Wohlfeil |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS:  Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---



Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2019-00017512-CU-CR-CTL     CASE TITLE: Foxworth vs Wells Fargo & Company [IMAGED]

NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
          (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
          (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
          (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Brian Foxworth |
|---|
| DEFENDANT(S): Wells Fargo & Company |
| SHORT TITLE: FOXWORTH VS WELLS FARGO & COMPANY [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2019-00017512-CU-CR-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                          Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other *(specify e.g., private mini-trial, private judge, etc.)*: _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____

_____                      _____
Name of Plaintiff                            Name of Defendant

_____                      _____
Signature                                    Signature

_____                      _____
Name of Plaintiff's Attorney                 Name of Defendant's Attorney

_____                      _____
Signature                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/04/2019                            _____
                                             JUDGE OF THE SUPERIOR COURT .

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**         Page: 1

COPY

1 | AN LE (State Bar No. 260817)
al@severson.com
2 | SEVERSON & WERSON
A Professional Corporation
3 | The Atrium
19100 Von Karman Avenue, Suite 700
4 | Irvine, California 92612
Telephone: (949) 442-7110
5 | Facsimile: (949) 442-7118

6 | MARK I. WRAIGHT (State Bar No. 228303)
miw@severson.com
7 | SEVERSON & WERSON
A Professional Corporation
8 | One Embarcadero Center, Suite 2600
San Francisco, California 94111
9 | Telephone: (415) 398-3344
Facsimile: (415) 956-0439

10 |

Attorneys for Defendant
11 | WELLS FARGO BANK, N.A. (erroneously sued
as Wells Fargo & Company)

12 |

2019 MAY 13  A 10: 01

**BY FAX**

13 | **SUPERIOR COURT OF CALIFORNIA**

14 | **COUNTY OF SAN DIEGO — CENTRAL DIVISION**

15 | BRIAN FOXWORTH, an individual,

16 |             Plaintiff,

17 |     vs.

18 | WELLS FARGO & COMPANY, and DOES 1
through 50,

19 |             Defendants.

20 |

Case No. 37-2019-00017512-CU-CR-CTL
Assigned for All Purposes to:
Hon. Joel R. Wohlfeil
Dept. C-73

**WELLS FARGO BANK, N.A.'S ANSWER
TO THE COMPLAINT**

Action Filed:    April 3, 2019
Trial Date:      None Set

21 |

22 | **GENERAL DENIAL**

23 |     Pursuant to California Code of Civil Procedure section 431.30, Wells Fargo Bank, N.A.

24 | ("Wells Fargo") generally and specifically denies each and every allegation contained in the

25 | Complaint, denies that Plaintiff or any other party to this action has sustained any injuries,

26 | damages, losses and/or detriment by reason of any act or omission on the part of Wells Fargo, or

27 | on the part of any agent, servant, employee, representative, officer, director, or partner of Wells

28 | Fargo, and denies that Plaintiff or any other party to this action has been damaged in any amount

07685.2238/14868583.2

1

WELLS FARGO BANK, N.A.'S ANSWER TO THE COMPLAINT

1  whatsoever. This paragraph is incorporated by reference into each and every affirmative defense
2  set forth below.
3      As separate and distinct affirmative defenses to the Complaint and to each allegation
4  contained therein, Wells Fargo hereby alleges the following:

## AFFIRMATIVE DEFENSES

6      As separate and distinct affirmative defenses to the Complaint, and to each allegation
7  contained therein, Wells Fargo is informed and believes, and thereon alleges the following.

### FIRST AFFIRMATIVE DEFENSE

#### (Unclean Hands)

10      1.    Plaintiff's claims are barred by the doctrine of unclean hands.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

13      2.    Plaintiff's Complaint is barred in whole or in part because of Plaintiff's failure to
14  mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver and Estoppel)

17      3.    Plaintiff has waived and is estopped from seeking the recovery prayed for in the
18  Complaint.

### FOURTH AFFIRMATIVE DEFENSE

#### (Superseding and Intervening Cause)

21      4.    Plaintiff may not recover against Wells Fargo, because Plaintiff's purported
22  damages were the proximate result of superseding and intervening causes unrelated to any act by
23  Wells Fargo.

### FIFTH AFFIRMATIVE DEFENSE

#### (Compliance with Governing Law)

26      5.    Wells Fargo's compliance with the statutes, rules, and regulations which govern the
27  subject matter of this lawsuit precludes its liability to Plaintiff.

28

1
2

### SIXTH AFFIRMATIVE DEFENSE

#### (Consent)

3      6.      Any and all activities of Wells Fargo alleged in the FAC were conducted with

4  Plaintiff's consent, and Wells Fargo is therefore free from actionable fault.

5

### SEVENTH AFFIRMATIVE DEFENSE

6

#### (Commercial Reasonableness)

7      7.      Wells Fargo is informed and believes, and thereon alleges, that at all times relevant

8  herein acted in a commercially reasonable manner and acted in accordance with reasonable

9  standards applicable to it.

10

### PRAYER

11      WHEREFORE, Wells Fargo prays for judgment as follows:

12      1.      That Plaintiff take nothing by way of his Complaint;

13      2.      That Wells Fargo be awarded its costs of suit; and

14      3.      Such other relief as the Court deems just and proper.

15

16  DATED:  May 10, 2019            SEVERSON & WERSON
                                    A Professional Corporation
17

18

                                    By:    _An Le_____
19
                                                 An Le
20
                                    Attorneys for Defendant WELLS FARGO BANK, N.A.
21                                  (erroneously sued as Wells Fargo & Company)

22
23
24
25
26
27
28

07685.2238/14868583.2

3

WELLS FARGO BANK, N.A.'S ANSWER TO THE COMPLAINT

1

**PROOF OF SERVICE**

2      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is The Atrium,
3  19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

4      On May 10, 2019, I served true copies of the following document(s):

5  **WELLS FARGO BANK, N.A.'S ANSWER TO THE COMPLAINT**

6  on the interested parties in this action as follows:

7  Scott Fikes, Esq.                              Attorney for Plaintiff
   The Law Office of Scott Fikes                  Brian Foxworth
8  8880 Rio San Diego Dr., Suite 800
   San Diego, CA  92108                           Telephone:   (619) 568-3189
9                                                 Facsimile:   (619) 342-4045

10      **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and
11 mailing, following our ordinary business practices.  I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing.  On the same day that
12 the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13
        I declare under penalty of perjury under the laws of the State of California that the
14 foregoing is true and correct.

15      Executed on May 10, 2019, at Irvine, California.

16

17  _____
              Victoria A. McCay
18

19

20

21

22

23

24

25

26

27

28

07685.2238/14868583.2

PROOF OF SERVICE